**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

**BRUCE H. MASON,**

              Petitioner,

                                    06-CV-499
  -vs-                                   01-CR-376

**UNITED STATES OF AMERICA,**

              Respondent.
_____

**Thomas J. McAvoy**, U.S.D.J.

### DECISION & ORDER

**I.   INTRODUCTION**

Petitioner Bruce H. Mason moves pursuant to 28 U.S.C. § 2255 to vacate his conviction on several grounds. For the following reasons, his motion is denied.

**II. DISCUSSION**

Petitioner raises the following grounds for relief: (1)"[t]he prosecutor presented a theory of prosecution and made arguments which he knew to be untrue, based upon exculpatory evidence in the government's possession;" (2) "[t]he prosecution and/or its agents suborned key witness perjury and spoliated, destroyed, or suppressed exculpatory evidence so as to falsely incriminate defendant and deny him confrontation of government witnesses;"(3)

1

"[p]etitioner was denied his confrontational right to explore the true motivation, bias and self-interest in testifying falsely, of the government's centerpiece witness, due to his suborned perjury and documents within the government's possession or control which were suppressed;"(4) petitioner "was denied his fifth amendment rights upon the prosecutor's capitalization of suborned perjury during summations;" (5) "[t]he prosecutor willfully violated his discovery obligations, turning over critical impeaching evidence against the government's key witness on the eve of his testimony, violating the defendant's constitutional right to a fair trial;" (6) "[t]he prosecutor knowingly interfered with petitioner's jury waiver decision and this decision was not informed;" and (7) petitioner was denied the effective assistance of counsel because counsel failed to investigate or present readily available defenses.

### A.   Compliance With Procedural Requirements

A motion for habeas corpus relief pursuant to 28 U.S.C. § 2255 is not a substitute for direct appeal. Sapia v. U.S., 433 F.3d 212, 217 (2d Cir. 2005).  It also is not a chance for a second bite at the apple for matters raised and considered on direct appeal. United States v. Sanin, 252 F.3d 79, 83 (2d Cir. 2001).  Moreover, subject to certain exceptions, see Massaro v. United States, 538 U.S. 500, 509, 123 S. Ct. 1690(2003), claims not raised on direct review are procedurally forfeited and may not be raised in a motion

2

under § 2255 unless the petitioner can demonstrate "(1) cause for failing to raise the issue, and prejudice resulting therefrom; or (2) actual innocence." Rosario v. United States, 164 F.3d 729, 732 (2d Cir. 1998).

Several of Petitioner's claims were raised on direct appeal and rejected by the Second Circuit. For example, Petitioner raised claims concerning the credibility of Gary Edison and Jeffrey Winchell and the sufficiency of the evidence. Because the Second Circuit considered and rejected these claims, they may not now be relitigated.

With respect to those claims not raised on direct appeal, Petitioner has not shown why he did not raise the issue on direct appeal or prejudice resulting therefrom.[1] Petitioner fails to explain why he did not raise on direct appeal his claims that the prosecution made arguments based on facts known to be untrue, the prosecution suborned perjury and destroyed critical evidence, the prosecutor made improper remarks during his closing argument, the prosecutor failed to fulfill his disclosure obligations, or the prosecutor improperly interfered with Petitioner's decision to waive his right to a jury trial. Accordingly, these claims are procedurally barred.

---

[1] The Court previously advised Petitioner in connection with his post-trial motions in the criminal matter that issues not raised on direct appeal are subject to a showing of "cause" and "prejudice" before they can be raised in a proceeding pursuant to § 2255. See United States v. Mason, 01-cr-376, dkt. no. 158 at p. 9.

3

Any claim of actual innocence does not relieve Petitioner of the procedural bar. "To establish actual innocence, petitioner must demonstrate that, in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him." Bousley v. United States, 118 S. Ct. 1604, 1611 (1998) (internal quotations and citations omitted). "'[A]ctual innocence" means factual innocence, not mere legal insufficiency." Id. Petitioner does not argue that he is actually innocent. Even assuming he is making such an argument, it must fail for the reasons articulated in the Court's prior decisions in connection with the criminal matter. Most of Petitioner's arguments consist of his disagreement with the conclusions to be drawn from the evidence presented and his continued attempts to cast doubt on that evidence. As has been noted several times now, this Court sat through the bench trial, carefully listened to and examined the evidence presented, carefully judged the credibility of the various witnesses, and, based upon the evidence presented and the applicable law, issued a verdict. None of the issues raised by Petitioner cause the Court to conclude that it is more likely than not that no reasonable juror would have convicted him. Petitioner has failed to demonstrate actual innocence.

Moreover, Petitioner raised very similar issues in his post-trial papers. This Court considered and rejected Petitioner's arguments. See United States v. Mason, 01-cr-376 (Dkt. Nos. 88,

4

153, 158). This includes Petitioner's arguments concerning the credibility of Gary Edison, claims that the government violated its Brady obligations, claims that the government offered perjured testimony, and claims that the government interfered with his ability to knowingly and voluntarily waive his right to a jury trial. Petitioner has offered nothing new to alter the earlier analyses of his claims. Accordingly, these arguments do not provide a basis for habeas corpus relief.

**B.  Ineffective Assistance of Counsel**

The Court will now turn to Petitioner's claim that he was denied the effective assistance of counsel. Petitioner raises a host of issues that he contends demonstrate that his counsel was deficient.

Petitioner claims that his attorney failed to raise with the Court the issues of the government's failure to preserve evidence, the government's destruction of evidence, the government's presentation of false evidence, and the government's late disclosures. It was not objectively unreasonable for counsel to not have raised such issues because there was, and is, insufficient grounds upon which to reasonably believe that the government destroyed evidence, presented false evidence, or failed to abide by its disclosure obligations.

Petitioner also claims that his attorney failed to point out various errors, falsehoods, or inconsistencies in the testimony of

5

government witnesses; failed to attack each and every element of each crime with which Petitioner was charged; and failed to present defense witnesses on certain counts.

Courts must accord significant deference to trial counsel's decision how to cross-examine witnesses or otherwise present a defense. See Eze v. Senkowski, 321 F.3d 110, 132 (2d Cir. 2003). A court cannot "use perfect hindsight to criticize unsuccessful trial strategies." Id. It is always possible to look back on any trial and find things that could have been done better or differently. Counsel's decisions on whether to cross-examine government witnesses and how to go about doing so are strategic decisions that generally do not support an ineffective assistance claim. Dunham v. Travis, 313 F.3d 724, 732 (2d Cir. 2002). The same can be said for strategic decisions whether to challenge various elements of a crime or to present defense witnesses. It must be borne in mind that the government has the obligation to prove each element of the crime beyond a reasonable doubt. It frequently is sound trial strategy to leave the government to its proof and not present witnesses or otherwise attack each and every element of the crimes charged. That was the case here. Having observed Petitioner's trial and counsel's performance at the trial, the Court is of the firm belief that counsel undertook diligent efforts to represent Petitioner and challenge the government's witnesses and theories. For example, counsel effectively pointed

6

out the credibility issues with Gary Edison and the differing theories concerning the cause and origin of the fire.  Similarly, although Petitioner contends that "Counsel failed to gain an understanding of the elements of the mail fraud charged facing the defendant, presented no theory of defense and called no witnesses," Petitioner was acquitted of two mail fraud counts.  This Court concludes that Petitioner was not denied the effective assistance of counsel.

### C. Certificate of Appealability

Because Petitioner has not demonstrated a substantial showing of a constitutional violation, the Court finds that a Certificate of Appealability is not warranted.

### III. CONCLUSION

For the foregoing reasons, Petitioner's motion pursuant to 28 U.S.C. § 2255 is DENIED.  Petitioner is not entitled to a Certificate of Appealability.

**IT IS SO ORDERED.**

DATED: July 29, 2006

_Thomas J. McAvoy_
Thomas J. McAvoy
Senior, U.S. District Judge